UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| In Re:<br>Corinne D. Thompson<br>    Debtor | Chapter 7<br>Case No.: 19-20261 |
| Morgan Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee<br>vs.<br><br>Corinne D. Thompson<br>John J. O'Neil, Esq., Trustee<br>    Respondents | |

**MOTION OF MORGAN STANLEY MORTGAGE LOAN TRUST 2007-8XS, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RELIEF FROM THE AUTOMATIC STAY**

Morgan Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee ("Movant"), a creditor in the above captioned Chapter 7 proceeding, moves this Court for an Order, pursuant to 11 U.S.C. §362(d) so that it may foreclose on a Mortgage which it holds on real property known and numbered as 144 Hempstead Street, New London, CT 06320. In support of its motion, Movant states the following:

    1.    On February 14, 2007, Corrine D. Thompson ("Debtor") and William A. Thompson executed and delivered a Note (the "Note", a copy of which is attached hereto as Exhibit "A") to Prime Mortgage Financial Inc. dba Prime Mortgage Company. The Note was secured by a Mortgage also dated February 14, 2007 and recorded in the City of New London Land Records in Volume 1699 at Pages 120 (the "Mortgage", a copy of which is attached here to Exhibit "B") on real property owned by Debtor and known and numbered as 144 Hempstead Street, New London, CT 06320 (the "Real

Property").

2. Movant is the current holder of the Note and Mortgage by virtue of an Assignment of Mortgage recorded in the City of New London Land Records (the "Assignment", a copy of which is attached hereto as Exhibit "C").

3. Specialized Loan Servicing LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee. Movant, or through an agent, has possession of the Note. The Note is either made payable to directly Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage/Deed of Trust.

4. Movant has not filed a complaint to foreclose in the Connecticut Superior Court.

5. On February 22, 2019, Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

6. As of March 10, 2019, the delinquency owed by the Debtor on the Note is $16,192.63. Movant estimates that, if a hearing on this motion is held within thirty days of the date of filing, an additional payment will come due and owing.

7. According to the City of New London Tax Assessor, the fair market value of the Real Property is $106,500.00. A copy of the Tax Card is attached hereto as Exhibit "D".

8. Upon information and belief, there are no additional liens or encumbrances on the Real Property.

9. As of March 10, 2019, the total outstanding balance owed on the Note was $183,246.83 (see Exhibit "D").

10. The estimated total amount of encumbrances on the Real Property is $183,246.83.

11. Debtor's Statement of Intention indicates that it is her intention to surrender the Real

Property. A copy of the Statement of Intention is attached hereto as Exhibit "E".

12. Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because Debtor has not made payments pursuant to the Note and Mortgage and has stated an intent to surrender.

13. Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2) because the Debtor has no equity in the Real Property and the Real Property is not necessary for an effective reorganization.

WHEREFORE, Movant moves that the Court enter an Order granting Movant relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may proceed to exercise its rights pursuant to the Note and Mortgage. They may also proceed according to applicable state and federal law to commence, continue and prosecute to judgment a foreclosure action with respect to the Real Property and that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

Morgan Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee
By its attorneys,

Date: March 29, 2019

/s/David A. Shaw_____
David A. Shaw Esq., #00417
Marinosci Law Group, P.C.
132 Main Street, Suite 2B
Southington, CT 06489
Telephone: (401) 234-9200
dshaw@mlg-defaultlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| In Re:<br>Corinne D. Thompson<br>      Debtor<br><br>Morgan Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee<br>      vs.<br><br>Corinne D. Thompson<br>John J. O'Neil, Esq., Trustee<br>      Respondents<br>_____/ | Chapter 7<br>Case No.: 19-20261 |

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the 29th day of March 2019, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system or, by first class mail on the parties listed in section 2 below.

1. Documents Served:

    1. Motion for Relief

    2. Exhibits A through E

    3. Proposed Order

    4. Notice of Contested Matter

    5. Certificate of Service

                                                 /s/David A. Shaw_____
                                                 David A. Shaw Esq., #00417
                                                 Marinosci Law Group, P.C.
                                                 132 Main Street, Suite 2B
                                                 Southington, CT 06489
                                                 Telephone: (401) 234-9200
                                                 dshaw@mlg-defaultlaw.com

VIA ECF
David F. Falvey, Esq., on behalf of Debtor

U.S. Trustee, on behalf of the US Trustee
John J. O'Neil, Esq., on behalf of the Trustee

<u>VIA US MAIL</u>
Corinne D. Thompson
1 Crouch Street
Groton, CT 06340

William Thompson
316 Heather Glen Lane
Mystic, CT 06355

City of New London
Tax Collector
Attn: Maureen A. Farrell
15 Masonic Street
P.O. Box 1305
New London, CT 06320

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| In Re:<br>Corinne D. Thompson<br>    Debtor | Chapter 7<br>Case No.: 19-20261 |
| Morgan Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee<br>vs.<br><br>Corinne D. Thompson<br>John J. O'Neil, Esq., Trustee<br>    Respondents | |

## NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

Morgan Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee (the "Movant") has filed a Motion for Relief, (the "Contested Matter") in the above-captioned case. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than April 12, 2019.[1] In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, *see*, 11 U.S.C. § 102(1).

                                                                              Movant
                                                                              By its attorneys,

Date: March 29, 2019                               /s/David A. Shaw_____
                                                                         David A. Shaw Esq., #00417
                                                                         Marinosci Law Group, P.C.
                                                                         132 Main Street, Suite 2B
                                                                         Southington, CT 06489
                                                                         Telephone: (401) 234-9200
                                                                         dshaw@mlg-defaultlaw.com

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| In Re:<br>Corinne D. Thompson<br>　　Debtor | Chapter 7<br>Case No.: 19-20261 |

Morgan Stanley Mortgage Loan Trust 2007-8XS,
U.S. Bank National Association, as Trustee,
successor in interest to Bank of America, National
Association, as Trustee, successor by merger to
LaSalle Bank National Association, as Trustee
vs.

Corinne D. Thompson
John J. O'Neil, Esq., Trustee
　　Respondents
_____/

## ORDER GRANTING
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

After notice and a hearing, see 11 U.S.C. § 102(1), of Morgan Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee's (hereafter, the "Movant") Motion for Relief from Stay (hereafter, the "Motion"), ECF No. ____.

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** – the automatic stay of 11 U.S.C. § 362(a) is modified pursuant to section § 362(d) to permit the Movant, and/or its successors and assigns, to commence, continue and prosecute to judgment a foreclosure action and otherwise exercise its rights, if any, with respect to real property known as 144 Hempstead Street, New London, CT 06320 in accordance with applicable state law, and

**IT IS FURTHER ORDERED** that the 14-day stay of Fed. R. Bankr. P. 4001(a)(3) is not applicable and the Movant may immediately enforce and implement its Order.

At _____ this _____ day of _____, 2019

                                                                                                                  _____
U.S. BANKRUPTCY JUDGE